UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV. 5801**

------------------------------------------------------------

TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING
INDUSTRY INSURANCE AND ANNUITY FUNDS,

                       Plaintiffs,

    -against-

EMB CONTRACTING CORP.,

                       Defendant.

------------------------------------------------------------

Index No.:

**COMPLAINT**

**BRIEANT**

       Plaintiffs, Trustees of the District Council 9 Painting Industry Insurance and Annuity Funds (hereinafter referred to as the "Funds") by their attorneys Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC allege as follows:

**JURISDICTION AND VENUE**

      1. This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

      2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

      3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

      4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities for monetary damages and other equitable relief under ERISA and for breach of a labor contract to

secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions, dues check-off, and/or reports to the Plaintiffs.

## PARTIES

5. The Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Trade Agreement (hereinafter referred to as the "Agreement") between the Employer and the Union. The Funds are authorized to collect contributions which includes, but is not limited to, payments for life insurance, hospitalization, medical care, vacation, annuity and pension benefits on behalf of the employees of the Employers, and the Plaintiff Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the C.B.A. and Trust Indentures that concern the protection of employee benefit rights.

7. The Funds' principal office is located and administered at 14 Saw Mill River Road, Hawthorne, New York 10532, in the County of Westchester.

8. Upon information and belief, the Defendant, EMB Contracting Corp. (hereinafter referred to as "the Employer") at all relevant times, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

9. Upon information and belief, the Employer is a for-profit domestic corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business at 38-26 27 St., Long Island City, New York 11101, in the County of Nassau.

<u>**CAUSES FOR RELIEF**</u>

<u>**AS AND FOR A FIRST CLAIM FOR RELIEF**</u>

10. The Employer executed an Agreement with the Union and/or was and still is a party to a Agreement with the Union by virtue of membership in an Employer Association.

11. The Agreement and/or Trust Indenture requires the Employer to submit contribution reports setting forth the hours and the period that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the Agreement for all work performed by its employees covered by the Agreement and to purchase benefit stamps in a timely fashion in accordance with the Agreement and the rules and regulations established in the Trust Indenture.

12. Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the C.B.A., the Employer purchased benefit stamps.  However, the benefit stamps were purchased in an untimely fashion.

13. The Employer has failed and refused to remit to the Funds for the period July 4, 2006 through to and including March 31, 2007 the late charges due and owing under the Agreement and in accordance with the Trust Indentures in the amount of $16,708.15.

14. The Employer's failure, refusal or neglect to remit the late charges to the Plaintiffs constitutes a violation of the Trade Agreement between the Employer and the Union wherein the Funds are third party beneficiaries.

15. Pursuant to the Trade Agreement upon the Employer's failure to purchase stamps in a timely fashion and failure to remit the late charges to the fund office, the Employer is obligated to pay late charges that consists of interest at the rate of 2% percent over prime per annum and liquidated damages at the rate of 20% if the matter is referred to legal counsel.

16. In addition, should it become necessary to proceed with legal action to collect the late charges the Employer shall be responsible for attorneys fees at the hourly rate charged to the funds and court costs and disbursements incurred in collecting the late charges.

17. Accordingly, the Employer is liable to Plaintiffs for unpaid late charges for the period July 4, 2006 through to and including March 31, 2007 in the amount of $16,708.15, plus court costs and disbursements and attorneys' fees.

## AS AND FOR A SECOND CLAIM FOR RELIEF

18. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1 through 17" of this Complaint as if set forth at length herein.

19. Pursuant to the Agreement and/or Trust Indenture, the Employer is required to timely purchase benefit stamps from the fund office.

20. Upon information and belief, the Employer has in the past failed to timely purchase benefit stamps from plaintiffs and is in breach of the Agreement and Trust Indenture.

21. During the course of the instant action, late charges may become due and owing. If defendant fails to timely purchase the benefit stamps, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendant, EMB Contracting Corp. as follows:

On the First and Second Claims for Relief:

(a) In the sum of $16,708.15 for the period July 4, 2006 through to March 31, 2007;

(b) Attorneys' fees and court costs and disbursements as set forth in the Trade Agreement and the Policy For Collection of Delinquent Contributions;

(c) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
       June 15, 2007

                                    Respectfully submitted,

                                    BARNES, IACCARINO, VIRGINIA,
                                    AMBINDER & SHEPHERD, PLLC

                                    Dana L. Henke (DLH3025)
                                    Attorneys for Plaintiffs
                                    258 Saw Mill River Road
                                    Elmsford, New York 10523
                                    (914) 592-1515